Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 18 February 1994 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer on 18 February 1994.
3. Plaintiff's average weekly wage has not yet been determined.
4. Chubb Group of Insurance Companies (Federal Insurance) is the carrier on risk.
5. The Full Commission takes Judicial Notice of the following Industrial Commission forms: Form 19 Employer's Report of Injury to Employee, Form 61 Denial of Workers' Compensation Claim, Form 33 Request That Claim be Assigned For Hearing and Form 33R Response to Request that Claim be Assigned for Hearing, which are a part of this file, and letters from plaintiff dated 20 February 1998 and 24 February 1998.
6. Plaintiff's medical records concerning this claim are received into evidence.
7. Defendants raise the provisions of G.S. § 97-24 and/or G.S. § 97-58 in bar of plaintiff's claims.
8. The issue to be determined by this Opinion is whether the Industrial Commission has jurisdiction to hear this claim.
***********
Based on the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. In February 1997, plaintiff was a 33-year old female first employed by defendant-employer in October 1992 as a stock clerk. Defendant is engaged in the business of distributing women's apparel. Plaintiff's duties included putting clothing on single hangers, putting clothes in boxes, climbing up and down a ladder, and folding clothes. Plaintiff's duties varied based on whether she was counting, hanging or folding clothes at the time.
2. In late 1993, plaintiff began experiencing spasms and aching in her hands, which was more prevalent at night. The pain began in plaintiff's right hand, but she later developed problems in her left hand as well.
3. On 5 November 1993, plaintiff initially sought treatment from Alfred DeMaria, M.D. Plaintiff reported to Dr. DeMaria complaints of intermittent hand numbness, pain that radiated up to her shoulder, and problems with her feet. Dr. DeMaria did not relate plaintiff's medical problems to her work with defendant. During this time, plaintiff also worked at Pizza Hut making dough and pizzas, and plaintiff worked part-time at Hardee's for a brief period.
4. On 4 March 1994, plaintiff underwent right carpal tunnel release surgery. Plaintiff underwent left carpal tunnel release surgery a few weeks later on 28 March 1994. Both surgeries were performed by Raymond Sattler, M.D. Dr. Sattler did not discuss with plaintiff the causation of her bilateral carpal tunnel syndrome.
5. As a result of her carpal tunnel surgeries, plaintiff was unable to work or earn wages for thirteen to fifteen weeks. Plaintiff received short-term disability through a company-funded plan for this period.
6. Plaintiff's 1994 surgeries did not relieve plaintiff's hand symptoms, and she sought treatment from Robert Wilfong, M.D., in August 1994. Plaintiff informed Dr. Wilfong that she suffered from arm, shoulder, and neck pain as well as dizzy spells. Dr. Wilfong ordered a cervical spine MRI, which was normal.
7. When nerve conduction tests still revealed problems, Dr. Wilfong performed additional carpal tunnel releases on the right hand in December 1994 and on the left hand in January 1995. Dr. Wilfong excised substantial scar tissue and further decompressed plaintiff's median nerve.
8. Dr. Wilfong informed plaintiff in late 1994, that plaintiff's bilateral carpal tunnel syndrome may have been caused by her employment with defendant.
9. Plaintiff advised defendants in January 1995, that she thought her hand problems were related to her employment. Defendants filed a Form 19 dated 13 January 1995, which was received by the Commission on 3 March 1995. This Form 19 listed 18 February 1994 as the date of occurrence of bilateral carpal tunnel. Defendants sent plaintiff a Form 61 denying her claim for compensation.
10. Defendants filed a Form 19 after defendants' disability policy carrier denied plaintiff's short-term disability for plaintiff's absence from work beginning on 19 November 1994. Plaintiff received short-term disability when she was out of work for her first two surgeries, but the disability carrier denied payment for her time lost from work after receiving copies of Dr. Wilfong's notes relating plaintiff's carpal tunnel to her employment.
11. In early 1995, plaintiff retained the services of David Godwin, an attorney in Wilmington, North Carolina, to pursue a medical malpractice claim against Dr. Sattler and then a workers' compensation claim against defendants.
12. Plaintiff stopped working for defendants in March of 1995 due to continued problems with her hands. Plaintiff had no further contact with defendants after leaving in March 1995. However, plaintiff did continue to work her part-time job at Pizza Hut between 1994 and 1996, but plaintiff was not able to earn any wages in any employment from November through December 1994 due to her carpal tunnel surgeries.
13. After leaving defendant-employer, plaintiff worked at Outer Banks Clothing Warehouse at $5.25 per hour, forty hours per week. Plaintiff worked at Outer Banks full time until an automobile accident in April 1995. Plaintiff received numerous injuries in this car wreck, including a broken jaw. Plaintiff has remained out of work since this car accident.
14. Plaintiff failed to file a Form 18 Notice of Accident to Employer and Claim of Employee or His Personal Representative or Dependents, but plaintiff filed a Form 33 with the Commission on 27 February 1998. Attached to the Form 33, were two letters plaintiff sent to Mr. Godwin, which were also made a part of the record. Plaintiff requested payment of medical bills totaling $7,934.08 and $1,200.00 in lost wages for her time missed from work from November 1994 through January 1995 due to her bilateral carpal tunnel condition.
15. Plaintiff failed to file a claim for her bilateral carpal tunnel syndrome within two years of the date she was first advised by a competent medical authority that she had bilateral carpal tunnel syndrome and the same was work-related, and within two years of the date on which she first became unable to earn wages on 19 November 1994 in the same or in any other employment as a result of her bilateral carpal tunnel syndrome.
16. There is insufficient evidence of record from which to determine by its greater weight that defendants induced plaintiff into any delay in filing a claim with the Commission within two years of being advised by a competent medical authority that she had bilateral carpal tunnel syndrome and that the same was work related, and within two years of that date on which plaintiff first became unable to earn the wages she was earning on 19 November 1994 in the same or in any other employment as a result of her bilateral carpal tunnel syndrome.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Proper filing of a claim by the employee within two years of being advised by a competent medical authority that the employee had an occupational disease and within two years of the date the employee first becomes disabled as a result of the occupational disease, is a condition precedent to jurisdiction by the Commission. G.S. § 97-58.
2. Since plaintiff did not file a claim with the Commission within the two-year period prescribed by G.S. § 97-58 for an occupational disease, plaintiff is barred from receiving the right to compensation under the Act for her bilateral carpal tunnel syndrome. G.S. § 97-58.
3. Defendants are not estopped to rely upon G.S. § 97-58 in bar of plaintiff's claim for occupational disease. G.S. §97-58.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation under the Act is DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ LAURA K. MAVRETIC COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER